IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHERYL THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-CV-147 |
| § | |
| COLONIAL LIFE & ACCIDENT § | |
| INSURANCE COMPANY a/k/a § | |
| COLONIAL SUPPLEMENTAL § | |
| INSURANCE, FIRST FINANCIAL § | |
| GROUP OF AMERICA, and FIRST § | |
| FINANCIAL GROUP OF TEXAS, § | |
| § | |
| Defendants. § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff originally brought this action in the Tenth Judicial District of Galveston County, Texas. Defendant Colonial Life & Accident Insurance Company a/k/a Colonial Supplemental Insurance ("Colonial") removed the case to this Court. Plaintiff filed a Motion to Remand, and Colonial filed a Response. For the reasons stated below, Plaintiff's Motion to Remand is **DENIED**.[1]

**I. Legal Standard**

Generally, a defendant may remove an action from state to federal court if the action lies within the federal district court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over actions where there is either diversity of citizenship or the presentation of a federal question. *See* 28 U.S.C. §§ 1331–32. For a case to arise under the federal court's

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

diversity jurisdiction, there must be complete diversity of the parties, and the amount in controversy must exceed $75,000. *See* § 1332. Federal question jurisdiction requires that the action arise "under the Constitution, laws, or treaties of the United States." § 1331.

Colonial claims this action was properly removed because this Court has diversity jurisdiction. Plaintiff does not dispute that complete diversity exists. Instead, Plaintiff claims that the amount in controversy does not exceed $75.000.00. Colonial bears the burden of showing that the amount in controversy exceeds $75,000.00. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Plaintiff's Petition does not include an amount in controversy, so Colonial must "'prove by a preponderance of the evidence that the amount in controversy exceeds' the jurisdictional amount." *Id.* (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). Colonial must either (1) show that "'it is facially apparent' from [Plaintiff's Petition] that [her] 'claims are likely above [$75,000];.'" or (2) set forth facts—either in the removal petition or via affidavit—indicating that the claims exceed $75,000. *Id.* (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (last alteration in original).

Colonial has successfully shown that Plaintiff's alleged damages exceed $75,000.00. On or about August 6, 2004, Plaintiff allegedly suffered a cervical disc derangement that rendered her unable to work, and Colonial allegedly improperly denied her claim for disability insurance benefits on November 22, 2004. Plaintiff's Petition posits a breach of contract claim in which she alleges her damages are "all of the benefits under the policy to which Plaintiff is entitled to at the time of trial." Pet. ¶ 5.1.9. She also asserts that Colonial violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act and, as such, she is entitled to damages for mental anguish and emotional distress as well as actual damages under the insurance contract and attorney's fees.

*Id.* ¶¶ 5.2.6, 5.2.8, 5.2.12.  Additionally, she alleges that Colonial's alleged statutory violations "were done knowingly and intentionally or with a conscious or callous disregard for the rights and welfare of the Plaintiff," which she claims entitles her to punitive or exemplary damages. *Id.* ¶ 5.2.7.

Colonial presents a Declaration indicating that the benefits Plaintiff seeks under the disability insurance policy are $1,600.00 per month. *See* Notice of Removal Ex. C.  As of the date of this Order, these monthly benefits, exclusive of pre and post-judgment interest, total $52,800.00 ($1,600.00 times 33 months).  If Plaintiff's statutory claims under the Texas Deceptive Trade Practices Act are successful, she will be entitled to pre and post-judgment interest, treble damages, costs, and attorneys' fees. *See* Tex. Bus. & Com. Code Ann. § 17.50 (Vernon 2005).  Clearly trebling $52,800.00 is alone enough to satisfy the $75,000.00 amount in controversy requirement.  Thus, this Court has diversity jurisdiction.

## IV. Conclusions

For the reasons stated above, Plaintiff's Motion to Remand is **DENIED**.  Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 22nd day of May, 2007, at Galveston, Texas.

Samuel B. Kent
United States District Judge

3